UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Criminal No. 5:11-CR-108-JMH |
| v. ) | |
| ) | |
| DAMON ALLEN PATTERSON, ) | **MEMORANDUM OPINION AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court upon Defendant Damon Allen Patterson's motion to suppress all evidence obtained as the result of a search of the premises located at 2558 Lindenhurst Loop, Lexington, Kentucky on March 23, 2011. [DE 62]. The United States has filed a response in opposition to the motion. [DE 66]. Additionally, a hearing on this motion was conducted before the Court on March 2, 2012. The Court orally announced its holding after the hearing. The purpose of this Memorandum Opinion and Order is to supplement the Court's earlier oral pronouncement.

I.   **BACKGROUND**

The relevant facts are not in dispute. Beginning in early 2011, the Lexington Metro Police Department ("LMPD") narcotics unit and the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") received complaints of drug dealing activity at 2258 Lindenhurst Loop in Lexington, Kentucky. Subsequently, the LMPD received information from a qualified confidential informant ("CI")

that a black male from Detroit, Michigan, known to the CI as "Demo" was selling drugs from 2558 Lindenhurst Loop. Using the CI, the LMPD performed a controlled purchase of heroin from inside the residence of 2558 Lindenhurst. Following the controlled purchase, the CI reported having seen drugs and a large stack of cash inside the residence. Based on the information provided by the CI, Fayette District Judge Joseph Bouvier issued a search warrant for the residence of 2558 Lindenhurst.

**II. DISCUSSION**

Defendant asserts that the search warrant for 2558 Lindenhurst Loop was not based on probable cause to believe that evidence of criminal activity would be found upon a search of those premises. Specifically, Defendant asserts that the application for the warrant was flawed because it described him as having arm and neck tattoos when, in fact, he does not have tattoos on his neck. For the following reasons, Defendant's motion to suppress is without merit and will be denied.

The affidavit on which the warrant was based describes, in detail, the residence located at 2558 Lindenhurst Loop. Further, it recounts, in detail, a controlled purchase of heroin from the residence. The affidavit also describes, based on information provided by the CI, an individual called "Demo," who was alleged to have been selling drugs from the residence. The CI described "Demo" as a black male, twenty-five to thirty years of age,

2

approximately 5'6" to 5'8" and 200 pounds, with braided hair and several tattoos on his neck and arms. Defendant challenges the validity of the search warrant based solely on the portion of the affidavit describing the individual as having tattoos on his neck. Defendant's argument clearly is without merit. Even if the entire description of the individual the CI referred to as "Demo" was excised from the warrant application, probable cause was still abundantly clear based on the controlled purchase of heroin. *See U.S. v. Hinojosa,* 606 F.3d 875, 885 (6th Cir. 2010)(finding that probable cause for search warrant existed even if "offending portions" were excised from affidavit).

"Probable cause exists when there is a 'fair probability,' given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place." *U.S. v. Davidson,* 936 F.2d 856, 859 (6th Cir. 1991)(quoting *U.S. v. Loggins,* 777 F.2d 336, 338 (6th Cir. 1985)). The qualified CI's tip and the controlled purchase of drugs from the residence alone produce more than a "fair probability" that evidence of a crime would be found within the residence. Accordingly, the search warrant at issue was based upon probable cause and the Defendant's motion will be denied.

During the suppression hearing, Defendant advised the Court that he is in the process of retaining a new attorney for trial. Accordingly, the clerk of Court will be directed to send a copy of

this Order to Defendant's purported replacement counsel, advising counsel that this matter will be called for trial on March 13, 2012, as scheduled, and counsel should be prepared to proceed with trial at that time.

Accordingly, **IT IS ORDERED**:

**1)** Defendant Damon Allen Patterson's motion to suppress, [DE 62], is hereby **DENIED**; and

**2)** The clerk of Court is hereby directed to provide a copy of this Order, by mail, to the Honorable Gregg Clendenin.

This the 2nd day of March, 2012.



**Signed By:**
*Joseph M. Hood*
**Senior U.S. District Judge**